UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMEY A. MURPHY,

     Petitioner,

v.                                                          CASE NO.:   5:25-cv-18-JLB-PRL

WARDEN, FCC COLEMAN-LOW,

     Respondent.

_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Jamey A. Murphy's Petition for Writ of
Habeas Corpus under 28 U.S.C. § 2241.   (Doc. 1).   Petitioner alleges the Federal
Bureau of Prisons (BOP) has incorrectly determined he is ineligible to receive the
benefits of earned time credits under the First Step Act.   (Doc. 1 at 6).   In its
response, Respondent contends the petition should be denied because Petitioner is
ineligible for earned time credits due to his conviction, as he is serving a single,
aggregate sentence that includes an ineligible offense.   (Doc. 8).   Despite being
afforded an opportunity to do so (Doc. 4 at 3), Petitioner did not file a reply.   The
matter is ripe for review.

### I.     Background

In 2011, Petitioner pleaded guilty to conspiring to distribute and possess with
the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C.
§§ 841(a)(1), (b)(1)(A)(ii), 846 (count one); possession with intent to distribute more
than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) (count

two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count three).   United States v. Murphy, No. 4:11-cr-32-RH-GRJ, Doc. 20 (N.D. Fla.).   He was sentenced to a total of 270 months' imprisonment: 210 months on counts one and two to run concurrently, and 60 months on count three to run consecutively to counts one and two.   Id., Doc. 29. On November 13, 2015, Petitioner's sentence was reduced to a total of 228 months. Id., Doc. 72.   With currently earned and projected Good Conduct Time credits, Petitioner's projected release date is on November 3, 2027.   See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited May 29, 2026).

Petitioner claims the BOP has incorrectly determined he is ineligible to earn credits under the FSA.   Specifically, he claims he has already served the five-year sentence for his section 924(c) offense and should be eligible for earned time credits for the sentence imposed for counts one and two.   (Doc. 1 at 6).   He further contends that 18 U.S.C. § 3584(c) "cannot be used to deny petitioner's right to earn and apply FSA credits."   (Id.)   Respondent contends that the Petition should be denied because Petitioner is not eligible for FSA credits due to his section 924(c) firearms conviction and because he is serving a single, aggregate sentence.   (Doc. 8).

## II.    Discussion

The First Step Act ("FSA") provides eligible prisoners an opportunity to reduce their sentences by earning time credits for "successful completion in

evidence-based recidivism reduction programming or productive activities."  18

U.S.C. § 3632(d)(4)(A)(i)–(ii).  Congress delegated to the Bureau of Prisons (BOP)

the authority to determine whether a prisoner is eligible for the program and

whether that prisoner successfully completes the program's requirements.  28

C.F.R. § 523.41(c)(2) (noting that an individual's "[s]uccessful participation" in these

programs "requires a determination by Bureau [of Prisons ("BOP")] staff that an

eligible inmate has participated in" the relevant programming "and has complied

with [its] requirements").  And if the prisoner "successfully complet[es]" the

program, he earns time off his sentence.

The Supreme Court has recognized that "[a]fter a district court sentences a

federal offender, the Attorney General, through the BOP, has the responsibility for

administering the sentence."  United States v. Wilson, 503 U.S. 329, 335 (1992).

Simply stated, administering a sentence is an executive power reserved for the

BOP.  The FSA directed the Attorney General to develop and release a system for

assessing the risks and needs of prisoners.  See 18 U.S.C. § 3632(a).  Relevant

here, the FSA requires the BOP to assign prisoners to appropriate evidence-based

recidivism-reduction programs or productive activities based on an individualized

risk-and-needs assessment.  See id. §§ 3621(h)(1)(A), 3632(a)–(b).  A prisoner who

successfully completes these programs earns additional time credits off his

sentence.  Id. § 3632(d)(4)(A).  However, prisoners are ineligible to receive these

earned time credits if they have been convicted under any of the enumerated

criminal provisions set forth in section 3632(d)(4)(D), titled "Ineligible prisoners."

3

Id.  An ineligible prisoner is one, like Petitioner here, who is "serving a sentence for a conviction under" 18 U.S.C. § 924(c)—using a firearm during and in relation to a drug trafficking crime.  See id. § 3632(d)(4)(D)(xxii).

Additionally, section 3584(c) mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."  Id. § 3584(c).  Provision of time credits, like those earned under section 3632, is an administrative function of the BOP.  See Chambers v. Warden Lewisburg USP, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes[.]); see also United States v. Llewlyn, 879 F.3d 1291, 1295 (11th Cir. 2018) (describing "computing inmates' credit for time served" as the BOP's administrative duty).

The issue here is whether Petitioner, who, under Eleventh Circuit precedent, is considered to have first served his five-year sentence for his section 924(c) offense, is eligible to earn FSA earned time credits for his remaining sentence for drug convictions eligible for FSA earned time credits.  See U.S. v. Brundidge, 170 F.3d 1350, 1354 (11th Cir. 1999) ("[A] Section 924(c) sentence must be served before a sentence for the underlying offense.").  In a case involving this same issue, another court in the Middle District of Florida found that the prisoner was ineligible as follows:

> Because [section] 3632(d)(4)(D) addresses an inmate's eligibility to earn time credits, the provision of which is an administrative function,

4

it follows that the word "sentence" cannot be defined without reference to § 3584(c)'s aggregation mandate.   Therefore, the Court finds that Petitioner is serving a single, aggregated sentence that includes his 924(c) conviction, rendering him ineligible to earn time credits for his entire term of imprisonment.

Silva v. Warden, FCC Coleman-Low, No. 5:22-cv-629-WFJ-PRL, 2024 WL 98212, at *2 (M.D. Fla. Jan. 9, 2024), reconsideration denied sub nom, 2024 WL 3597155 (M.D. Fla. July 31, 2024).   The Silva court further concluded that the plain language of sections 3632 and 3584 warranted this result.   "The interaction of sections 3632 and 3584 is central to defining 'sentence' in § 3632."   Id.   Because the BOP must aggregate sentences under section 3584(c), and calculating time credits is an administrative function, an inmate is serving a single, aggregated "sentence."   Id.

The Court agrees with the Silva court.   Because sentences for multiple convictions must be aggregated into a single sentence, a conviction under any disqualifying offense set forth in section 3632(d)(4)(D) renders that prisoner ineligible for FSA earned time credits.   Thus, because Petitioner's aggregated sentence includes his section 924(c) conviction, he is ineligible for earned time credits.   See also Bonnie v. Dunbar, 157 F.4th 610, 612–13, 618 (4th Cir. 2025) (holding that sentence including a sentence for a disqualifying conviction is, by reason of section 3584(c), to be treated as a single aggregate sentence and noting "every court that has considered the issue has reached the conclusion that we reach here today").

Because Petitioner is ineligible for earned time credits due to his section 924(c) conviction and the BOP heeded Congress's unambiguous directive to aggregate his sentence for administrative purposes under section 3584(c), the Petition is denied.[1]

### III.    Conclusion

Based on the foregoing, it is now

**ORDERED:**

1.    The Petition (Doc. 1) is **DENIED**.

2.    The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 29th day of May, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   All Parties of Record

---

[1] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition.   Schriro v. Landrigan, 550 U.S. 465 (2007).   Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.   Schriro, 550 U.S. at 474.